**Randy Allen REVAK, Petitioner— Appellant,**

v.

**R.Q. HICKMAN, Warden; et al., Respondents—Appellees.**

No. 05–16862.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Randy Allen Revak, Ione, CA, pro se.

Robert R. Anderson, Deputy Atty. Gen., Janine R. Busch, Esq., AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents—Appellees.

Before: B. FLETCHER, TROTT and CALLAHAN, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

California state prisoner Randy Allen Revak appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction for kidnapping with intent to commit rape, forcible rape, forcible oral copulation, and rape with a foreign object. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Revak contends that his sentence was enhanced in violation of state law. Because Revak has not shown that his sentence was fundamentally unfair, this claim is not cognizable on federal review. *See Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir.1994). To the extent that Revak raises *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his claim is foreclosed by *Schardt v. Payne,* 414 F.3d 1025, 1036 (9th Cir.2005).

Revak contends that his right to due process and his right to notice of charges were violated by the state's failure to allege in the criminal complaint that he was eligible for certain sentencing enhancements. Because Revak was fully informed of all the charges against him, we conclude that his rights were not violated. *See Calderon v. Prunty,* 59 F.3d 1005, 1009 (9th Cir.1995).

Revak contends that his right to present a defense was violated by the exclusion of certain witness testimony and by the denial of his motion for the production of confidential documents. We reject this contention because Revak has not shown that the trial court's evidentiary rulings rendered his trial fundamentally unfair. *See Drayden v. White,* 232 F.3d 704, 711 (9th Cir. 2000).

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Finally, Revak contends that the trial court erred by allowing him to represent himself after the jury returned its verdict. We reject this contention because Revak has not alleged, and the record does not support an inference, that his waiver of the right to counsel was unknowing. *See Lopez v. Thompson,* 202 F.3d 1110, 1117 (9th Cir.2000) (en banc).

Accordingly, Revak has not shown that the state court's decisions were contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.